19 F.3d 13
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary Ann WEST, Plaintiff-Appellant,
v.
TOLLMAN-HUNDLEY MANAGEMENT SERVICES, INCORPORATED, a
Delaware Corporation authorized and licensed to do business
in West Virginia and/or Tollman-Hundley Mid-American
Corporation, a Delaware corporation, Defendants-Appellees.
 No. 93-1630.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 8, 1993.
Decided Feb. 24, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CA-90-115-C-S)
 Argued: Gilbert Kenneth Davis, Gilbert K. Davis & Associates, Fairfax, VA, for appellant.
 Mark Anthony Colantonio, Frankovitch, Anetakis & Recht, Weirton, WV, for Appellees.
 On Brief: Lawrence J. Sklute, Washington, DC, for appellant.
 George J. Anetakis, Thomas E. Buck, Weirton, WV, for appellees.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal involves Mary Ann West, a plaintiff who filed her personal injury action one day before the expiration of the limitations period, discovered that the named defendant was not the owner of the allegedly negligent hotel at the time of the accident, and resisted the inevitable summary judgment motion by attempting to show that the named defendant had merged with the prior owner, or had specifically assumed its liabilities. The district court, after considering affidavits and counter affidavits, granted the defendant's motion for summary judgment and the plaintiff appeals. We affirm.
 
 
 2
 West fell outside the Holiday Inn Hotel in Morgantown, West Virginia, on September 8, 1988, seriously and permanently injuring her left knee. Within five days before the West Virginia statute of limitations period expired, her agents attempted to identify the owners of the Morgantown Holiday Inn. Their inquiries yielded sparse information, and it was erroneously determined that Tollman-Hundley Management Services, Inc. and/or Tollman-Hundley Mid-American Corporation ("Tollman-Hundley") were the owners on the date of the accident. The complaint was filed naming Tollman-Hundley as the defendant on September 7, 1990.
 
 
 3
 After the complaint was filed and Tollman-Hundley moved for summary judgment, the chain of ownership of the hotel since 1973 was established. In that year, Morgan Hills Investment Co. (MHI), a joint venture comprised of six individual investors, purchased the hotel. Title was held by two individual trustees for the benefit of MHI, and the hotel was operated by Morgan Hills Operating Co. (MHO), which was owned by five of the joint venturers. It was managed by Winegardner & Hammons Operations, Inc., a management company owned by two of the MHI joint venturers. By 1982 only the two joint venturers involved in the management company remained as joint venturers of MHI. In December 1988 the trustees of MHI sold the Holiday Inn to MHO, and on June 22, 1989, MHO sold it to its present owner and the defendant in this lawsuit, Tollman-Hundley. Some of the information relating to the underlying relationships would have been difficult to ascertain from public records. It is undisputed, however, that MHI was the record owner of the hotel from 1973 until December 1988, that MHO was the owner from then until June 22, 1989, and that Tollman-Hundley's title dates from that time. The documents evidencing these transactions were recorded on the land books of Monongalia County, where this Holiday Inn is located.
 
 
 4
 In the court below, West first contended that Tollman-Hundley actually or impliedly assumed MHI's liabilities by virtue of the purchase agreement governing the transaction between MHO and Tollman-Hundley. West then attempted to amend her complaint, under Federal Rule of Civil Procedure 15, to assert that Tollman-Hundley was liable as a successor to MHI. The district court rejected both theories, as do we.
 
 
 5
 The section of the purchase agreement on which West relies to support her theory of assumption of liability relates to a waiver of the Bulk Sales Act and to a hold harmless clause. The Bulk Sales Act is simply not relevant to this hotel sales transaction.* Similarly lacking in merit is the contention that Tollman-Hundley expressly assumed MHI's liability for the September 8, 1988, injury. The sales agreement was a lengthy document effecting the sale of six Holiday Inn hotels, including the one in Morgantown involved in this appeal. Among other things, it contained the following standard "hold harmless" clause:
 
 
 6
 Seller will hold harmless and indemnify Purchaser from any and all claims arising from Seller's operation of the business, including, but not limited to, liability for damage or injury to persons or property, taxes, insurance, fees and assessments, and accounts payable occurring prior to the Closing Date. Purchaser will likewise hold harmless and indemnify Seller from all such matters occurring subsequent to the Closing Date.
 
 
 7
 It takes little analysis to understand this is a typical agreement under which each party agreed to assume the responsibility for liabilities arising during its own period of ownership.
 
 
 8
 West's "successor" or "de facto merger" argument is also flawed. She cites no West Virginia precedent recognizing such a merger theory and, in our view, the circumstances surrounding these transactions are in no way similar to those required for a finding that a business purchaser is a successor to the seller of the business. See Davis v. Celotex Corp., 420 S.E.2d 557, 562-63 (W. Va.1992) (reviewing exceptions to common law rule that purchaser of all assets of corporation not responsible for liabilities of corporation purchased).
 
 
 9
 In sum, we affirm the actions of the district court denying West's motion to amend her complaint and granting summary judgment to Tollman-Hundley.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The businesses covered by the UCC Bulk Sales Act "do not include ... hotels, restaurants, and the like whose principal business is the sale not of merchandise but of services." U.C.C. Sec. 6-102, comment 2